

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| DEARYBURY OIL & GAS, INC., | § | |
|         Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 7:16-0923-MGL |
| | § | |
| LYKINS COMPANIES, INC. and LYKINS | § | |
| OIL COMPANY, both d/b/a Lykins Energy | § | |
| Solutions, | § | |
|         Defendants. | § | |

---

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANTS' MOTION TO TRANSFER**
**AND RENDERING AS MOOT DEFENDANTS' MOTION TO DISMISS**

---

## I.    INTRODUCTION

This is a diversity action.  In Plaintiff Dearybury Oil & Gas, Inc.'s complaint, it brings claims of breach of contract, breach of contract accompanied by fraud, and a violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-50-10.   Plaintiff also alleges a cause of action under the doctrine of promissory estoppel.   The Court has diversity jurisdiction over the matter under 28 U.S.C. § 1332.

Pending before the Court is the motion to transfer under 28 U.S.C. § 1404(a) that Defendants Lykins Companies, Inc. and Lykins Oil Company, both d/b/a Lykins Energy Solutions, filed.   Having considered the motion, Plaintiff's response, Defendants' reply, the parties' response to the Court's interrogatory, the record, and the applicable law, the Court will grant the motion.

## II.    FACTUAL AND PROCEDURAL HISTORY

The genesis of this matter is a business dispute between Plaintiff and Defendants concerning the sale and purchase of petroleum products and what Plaintiff claims to be Defendants' solicitation of some of its confidential information.   The contracts at issue contain the following forum selection clause:

> Applicable Law/Forum/Jury Waiver: This Agreement is governed by and shall be construed under the laws of the State of Ohio without reference to conflicts of laws rules or principles.   With respect to any suit, action or proceedings relating to this Agreement ("Proceedings") each Party irrevocably (a) submits to the exclusive jurisdiction of the courts of the State of Ohio and the United States District Court located in Columbus Ohio; (b) waives any objection that it may have at any time to the laying of venue of any Proceedings brought in such court, (c) waives any claim that such Proceedings have been brought in an inconvenient forum and (d) further waives the right to object, with respect to such Proceedings, that such court does not have jurisdiction over such party.

ECF No. 1-15 at 4.

Defendants, in lieu of filing an answer to Plaintiff's complaint, filed the instant motion instead.   Having been fully briefed on the relevant issues, the Court is ready to discuss and decide the merits of the motion.

## III.    STANDARD OF REVIEW

Section 1404(a) of Title 28 of the United States Code states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."   28 U.S.C. § 1404(a).   When the question as to whether the Court should enforce a forum selection clause under Section 1404(a) arises, "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties

clearly disfavor a transfer." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.* (*Atlantic*), 134 S. Ct. 568, 575 (2013). Stated differently, a forum-selection clause must be "given controlling weight in all but the most exceptional cases." *Id.* at 579 (citation omitted) (internal quotation marks omitted). For purposes of that holding, the Supreme Court "presuppose[d] a contractually valid forum-selection clause." *Id.* 584 n.5.

Although the one seeking a transfer under § 1404(a) generally bears the burden of demonstrating the district court ought to grant the requested relief, *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966), "[t]he presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways." *Atlantic*, 134 S. Ct. at 581. "First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* "Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Id.* at 582. And "[t]hird, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Id.* Accordingly, only the public-interests may weigh against transfer, and "[b]ecause those factors will rarely defeat a transfer motion, the practical result is that the forum-selection clauses should control except in unusual cases." *Id.* In other words, the plaintiff must demonstrate the "public-interest factors overwhelmingly disfavor a transfer." *Id.* at 583.

3

"Public-interest factors may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Id*. at 584 n. 6. In all but the most unusual cases, "the interest of justice" is served by holding parties to their bargain. *Id*. at 583.

"Given the statutory standards[,] the decision is left to the sound discretion of the court." 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3847 (4th ed. 2016) (footnote omitted). As one court has opined, deciding "such a matter [is] so peculiarly one for the exercise of judgment by those in daily proximity to these delicate problems of trial litigation." *Lykes Bros. Steamship Co. v. Sugarman*, 272 F.2d 679, 680 (2d Cir. 1959).

## IV.    CONTENTIONS OF THE PARTIES

Defendants maintain this case fails to fit into the "most exceptional" mandate from *Atlantic*. It also asserts Plaintiff is unable to establish the public interest factors "overwhelmingly disfavor" transfer. According to Defendants, the forum selection clauses in the contracts are valid and enforceable. Defendants further contend Plaintiff is equitably estopped from bringing its claims in this Court.

Plaintiff states the Court must deny Defendants' motion unless it holds the contracts are valid and enforceable. Plaintiff also avers Defendants' position that it can enforce the forum selection clauses contained in the contracts without establishing the contracts are enforceable is without merit.

V.      DISCUSSION AND ANALYSIS

First, Defendants state this case fails to fit into the "most exceptional" rule from *Atlantic*. Plaintiff neglects to make any argument to the contrary.   Therefore, the Court will rule for Defendants on this issue.

Second, Defendants maintain Plaintiff is unable to establish the public interest factors "overwhelmingly disfavor" transfer.   Again, Plaintiff fails to make any counter argument.   Thus, the Court will rule for Defendants on this matter as well.

Third, Defendants assert the forum selection clauses in the underlying contracts are both valid and enforceable.   As discussed below, the Court will hold the forum selection clauses are both valid and enforceable.   As such, the Court declines to address Defendants' remaining arguments.

As to Plaintiff's arguments, first Plaintiff avers the Court must deny Defendants' motion unless it holds the contracts are enforceable.   Closely related to that argument, Plaintiff maintains Defendants' argument it is able to enforce the forum selection clauses contained in the contracts without establishing the contracts are enforceable is meritless.   The Court agrees with both of these contentions.

"[I]f no contract exists, the language of the forum-selection clause cannot logically deprive [the plaintiff] of its significant right of access to the courts of the United States[.]"   *Langley v. Prudential Mortg. Capital Co.*, F.3d 365, 368 (6th Cir. 2008).   When presented a motion to transfer, other courts in the Fourth Circuit have accepted the factual allegations in the plaintiff's complaint as true.   *Eg.*, *Celgard, LLC v. LG Chem, Ltd.*, No. 3:14‒cv‒0043, 2015 WL 2412467,

at *6 (W.D.N.C. May 21, 2015); *Century Furniture, LLC v. C & C Imps., Inc.*, No. 1:07–cv–0179, 2007 WL 2712955, at *2 (W.D.N.C. Sept.14, 2007). The Court agrees with that approach and will thus do likewise.

In the Complaint, Plaintiff sets forth factual allegations which, if true, amount to the three elements required to form a contract: offer, acceptance, and valuable consideration. Therefore, for purposes of deciding this motion, the Court holds the contracts are valid and enforceable. With that holding, it necessarily follows the forum selection clauses contained in the contracts are also valid and enforceable. As noted above, the burden is on the plaintiff in a case such as this to establish transfer is improper. *See Atlantic*, 134 S. Ct. at 581 ("[A]s the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted."). Plaintiff has failed to establish transfer is unwarranted. Therefore, the Court will grant Defendants' motion.

## VI.     CONCLUSION

For these reasons, it is the judgment of this Court Defendants' motion to transfer is **GRANTED**. Consequently, the case is hereby **TRANSFERRED** to the United States District Court of Ohio, Columbus Division. In light of the transfer, Defendants' motion to dismiss is **RENDERED MOOT**.

    **IT IS SO ORDERED**.

Signed this 23rd day of February, 2017, in Columbia, South Carolina.

          s/Mary Geiger Lewis
          MARY GEIGER LEWIS
          UNITED STATES DISTRICT JUDGE